UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL JOHN CHRISTIAN,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-0965C

ORDER

    This matter has come before the Court on Plaintiff's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Honorable Monica J. Benton, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 20) to which Petitioner objected.

    Upon de novo review of the record, the Court finds that Magistrate Judge Benton's recommendations are sound and correctly address Petitioner's arguments, some of which are re-presented in his objections.

    As a preliminary matter, Petitioner contends that the government's late response caused him prejudice because if the response had been stricken, Petitioner's opening brief would have been uncontested. Furthermore, Petitioner appears to believe that he has been unfairly treated. (*See*, *e.g.*, Obj. 1 (stating "There is no doubt in petitioner's mind that had he been so much as one day late in filing any of

ORDER – 1

his pleadings they would have been stricken.").)  Petitioner did not have a right to have his opening brief go uncontested.  Permitting the government to file a late response did not cause Petitioner to suffer legally cognizable prejudice.  *See* BLACK'S LAW DICTIONARY, "Prejudice" (8th ed. 2004) (defining "prejudice" as "[d]amage or detriment to one's legal rights")).  In addition, the Court notes that though the original deadline for objecting to the R&R was December 19, 2005, Petitioner was granted an extension of almost two months to file his objections.  (*See* Dkt. No. 22, Order Granting Extension of Time.)  Petitioner has no grounds upon which to believe that he has been unfairly treated.

Petitioner's objections to the R&R's findings regarding his ineffective assistance of counsel claims fail to recognize that Petitioner bears the burden of establishing (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different, *id*. at 694.  Thus, mere speculation that Officers Henry and Murry would have contradicted other testimony is not sufficient to "establish" that prejudice resulted from Mr. Kolker's refusal to subpoena and interview the officers.

All of Petitioner's other ineffective assistance of counsel arguments suffer from the same deficiency.

Accordingly, the Court adopts the R&R.  Petitioner's § 2255 motion is DENIED.

SO ORDERED this 8th day of March, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 2